UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

BROOK GRZELAK,

        Plaintiff,                   Case No. 1:19-cv-1003

v.                                       Honorable Janet T. Neff

HEIDI WASHINGTON et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

**I.    Factual allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Carson City Correctional Facility (DRF) in Carson City, Montcalm County,

Michigan. The events about which he complains occurred at that facility. Plaintiff sues MDOC Director Heidi Washington and Warden Randee Rewerts.

Plaintiff alleges that while he was confined on E-Unit on September 10, 2019, he and the other inmates on E-Unit were subjected to a "mock" emergency count. Immediately after the count, eighty MDOC cadets, who were in training, arrived at E-Unit. The cadets were instructed to take up positions on each side of the hallways leading to the housing areas and all inmates were instructed to exit E-Unit wearing only a t-shirt, shorts, underwear, socks, and shower slippers. The inmates were then told to head to the school building.

Upon arrival at the school building, Plaintiff and the other inmates were strip searched and handcuffed with their hands behind their backs. Plaintiff and the other inmates were then led to the chapel, which was authorized to hold ninety-one people. The total number of inmates placed in the chapel numbered approximately one-hundred and thirty. Plaintiff was placed in a chair with his hands cuffed behind his back and remained in that position, along with the other inmates, for approximately three and a half hours. Plaintiff asserts that he and the other E-Unit inmates were kept in restraints during this time so that the MDOC cadets could learn how to search an inmate's quarters. Plaintiff contends that some of the inmates submitted medical kites the next day complaining of pain in their shoulders from being handcuffed behind their backs for such an extended time period.

Plaintiff states that Defendants abused their authority when they had Plaintiff and other inmates placed in restraints for over three hours and allowed cadets to search each inmate's cell merely to provide a training exercise for MDOC cadets. Plaintiff claims that Defendants violated his rights under the Fourth and Eighth Amendment. Plaintiff seeks damages and injunctive relief.

## II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to

3

identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

III. **Fourth Amendment**

Plaintiff claims that his Fourth Amendment rights were violated when Defendants had MDOC cadets search his cell as part of a training exercise. In *Hudson v. Palmer*, 468 U.S. 517 (1984), the Supreme Court considered and rejected a Fourth Amendment claim in which a prison official searched a prisoner's cell and destroyed some of his legal papers in the process. *Id.* at 519, 535. The prisoner claimed that the prison official's conduct constituted an unreasonable search and seizure of his property, in violation of the Fourth Amendment. *Id.* at 530. The Court disagreed. In doing so, the Court recognized that while prisoners are not beyond the reach of the Constitution, "curtailment of certain rights is necessary, as a practical matter, to accommodate a 'myriad of institutional needs and objectives' of prison facilities, . . . chief among which is internal security." *Id.* at 523-24 (internal citation omitted). The Court then determined that the official's search of the prisoner's cell did not violate the Fourth Amendment because "society is not prepared to recognize as legitimate any subjective expectation of privacy that a prisoner might have in his prison cell." *Id.* at 526. According to the Court, "[a] right of privacy in traditional Fourth Amendment terms is fundamentally incompatible with the close and continual surveillance of inmates and their cells required to ensure institutional security and internal order." *Id.* at 527-28. Therefore, Plaintiff's Fourth Amendment claim is properly dismissed.

IV. **Eighth Amendment**

Plaintiff claims that placing inmates in restraints for three and a half hours in order to hold a training exercise for MDOC cadets violates the Eighth Amendment. The Eighth Amendment embodies a constitutional limitation on the power of the states to punish those convicted of a crime. Punishment may not be "barbarous" nor may it contravene society's

4

"evolving standards of decency." *See Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981); *Trop v. Dulles*, 356 U.S. 86, 101 (1958). The Eighth Amendment also prohibits conditions of confinement which, although not physically barbarous, "involve the unnecessary and wanton infliction of pain." *Rhodes*, 452 U.S. at 346. Among unnecessary and wanton infliction of pain are those that are "totally without penological justification." *Id.*

In a similar case, the Court examined an inmate's claim that he was left in a cell for three hours with his hands cuffed behind his back and was forced to miss a meal. *Sanders v. Smith*, No. 1:11-CV-892, 2011 WL 5921426, at *12 (W.D. Mich. Nov. 27, 2011). In *Sanders*, the Court stated:

> . . . Plaintiff's temporary restraint in handcuffs does not state a claim. In *Barker v. Goodrich,* 649 F.3d 428 (6th Cir. 2011), the Sixth Circuit analyzed a similar claim involving the use of restraints. The plaintiff in that case alleged that prison officials left him handcuffed in his cell for twelve hours and he missed a meal. *Id.* at 434. The plaintiff asserted that he had been subjected to excessive force and inhumane conditions of confinement in violation of the Eighth Amendment, and the court analyzed his claim under both standards. *Id.* Whether a prison official's conduct constitutes excessive force in violation of the Eighth Amendment depends on "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian,* 503 U.S. 1, 7 (1992). A conditions of confinement claim, in contrast, requires a finding of deliberate indifference, that is, "that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Farmer,* 511 U.S. at 842.
>
> The court in *Barker* found that both standards were met because the plaintiff "could not maintain a comfortable position for an extended period of time," and he was denied access to water and a restroom, which "subject[ed] him to a significant risk of wrist and arm problems, dehydration and ... pain and damage to his bladder." *Id.* at 434. The Sixth Circuit cited other cases in which the use of restraints resulted in the denial of the minimal civilized measure of life's necessities. *See Hope v. Pelzer,* 536 U.S. 730, 742 (2002) (restraining prisoner in uncomfortable position and denying him access to water for a seven-hour period violated Eighth Amendment); *Dellis,* 257 F.3d at 512 (limiting access to water for three days violated the Eighth Amendment); *Johnson v. Lewis,* 217 F.3d 726, 732 (9th Cir. 2000) (limiting access to food and water for four days and toilet overnight violated Eighth Amendment); *Gates v. Collier,* 501 F.2d 1291 (5th Cir. 1974) (restraining prisoners in uncomfortable position for extended period violated Eighth Amendment).

> In contrast to the foregoing cases, Plaintiff was restrained in handcuffs for only a few hours. He does not allege that he was denied food, water, or any other necessities of life, for an extended period of time. Nor does he allege that he suffered any significant discomfort or pain as a result of Defendants' use of the restraints, apart from the denial of a single meal. The denial of one meal does not constitute a denial of the minimal civilized measure of life's necessities, nor does it pose a sufficiently serious risk to Plaintiff's health as to violate the Eighth Amendment.

*Sanders v. Smith*, 2011 WL 5921426, at *13-14.

Plaintiff in this case alleges that he was made to sit in a chair with his hands cuffed behind his back for roughly three and a half hours. Although Plaintiff states that some inmates suffered from shoulder pain for more than twenty-four hours after the incident, he fails to allege that he suffered any ill-effects. Nor does Plaintiff allege that he was denied a meal as a result of being restrained in the chapel for three and a half hours. Because Plaintiff's allegations do not rise to the level of an Eighth Amendment violation, his claim is properly dismissed.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal.

Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.

Dated: January 21, 2020    /s/ Janet T. Neff
　　　　　　　　　　　　　　Janet T. Neff
　　　　　　　　　　　　　　United States District Judge